**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-50255
Summary Calendar

_____

ROGELIO F. LEDEZMA,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western  District of Texas
(A-96-CV-811)

October 5, 1998

Before, EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rogelio F. Ledezma appeals the district court's grant of summary judgment affirming the Commissioner of the Social Security Administration's determination that Ledezma is not entitled to disability insurance benefits under the Social Security Act. *See* 42 U.S.C. § 405(g).  We reverse and remand.

When, as in this case, "appeal is taken from a district

---

[*]    Pursuant to Local Rule 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court's summary judgment in favor of the [Commissioner], this [c]ourt has held that . . . review is to be made independently of the determinations of the district court, and without regard to whether the district court acted correctly." *Cieutat v. Bowen*, 824 F.2d 348, 359-60 (5th Cir. 1987). Thus, the focus of our inquiry is on the propriety of the Commissioner's findings. Our review of the Commissioner's denial of benefits is limited to determining (1) whether the proper legal standards were used to evaluate the evidence; and (2) whether its decision is supported by substantial evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). We note that because the Appeals Council denied review of the administrative law judge's ("ALJ") decision, that decision became the final decision of the Commissioner for purposes of this appeal.

Ledezma first avers that the ALJ erred in failing to refer to *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) when it determined the severity of Ledezma's impairment. An ALJ must evaluate disability claims by a five-step sequential process. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991)(listing the steps); 20 C.F.R. § 404.1520 (1998). We have held that when an ALJ proceeds past step two of this process, a court may infer a finding of a severe impairment, and specific reference to *Stone* by the ALJ is not required. *See Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990)(stating that "[b]ecause the ALJ proceeded to the third step in evaluating Reyes' claim, we must infer that the ALJ found a severe impairment"); *Shipley v. Secretary of Health and Human*

-2-

*Servs.*, 812 F.2d 934, 935 (5th Cir. 1987)("Satisfying the *Stone* test of severity means only that claimant has passed the second step of the inquiry mandated by the regulations."). Here, the ALJ proceeded beyond the second step, and therefore, we may infer a finding of severe impairment. We find no error in the ALJ's failure to refer to *Stone*.

Ledezma also contends that the ALJ erred in applying 20 C.F.R. pt. 404, subpt. P., app. 2, Rule 201.19 in denying him disability insurance benefits. Rule 201.19 requires a finding of not disabled for claimants who (1) are restricted to sedentary work, (2) are between forty-five and forty-nine years old, (3) have skilled or semi-skilled work experience, but lack transferable skills, and (4) possess a limited or less education, but are at least literate and able to communicate in English. *See* Rule 201.19. Ledezma argues that Rule 201.19 does not apply because he could not communicate in English, and because his past work experience was not semi-skilled.

The ALJ determined that Ledezma could not communicate in English. This determination precludes the application of Rule 201.19. Thus, the ALJ's application of 201.19 is not supported by substantial evidence. *See Cotto v. Chater*, 1995 WL 577770, at *4 (S.D.N.Y. Sept. 29, 1995)(noting that "since the evidence shows that plaintiff speaks no English, this finding [of limited or less education] is not supported by substantial evidence"). Because we conclude that the ALJ should not have applied Rule 201.19, we need not decide whether the ALJ erred in finding that Ledezma's past work experience was semi-skilled.

For the foregoing reasons, the judgment of the district court affirming the Commissioner's decision is REVERSED, and the case is REMANDED to the district court for remand to the Commissioner for further proceedings consistent with this opinion.

REVERSE AND REMAND.